UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-cv-00598-CHL

DORIS B.,[1]   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint filed by Plaintiff, Doris B. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary, and Claimant also filed a reply brief. (DNs 10, 11, 13. 14.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 8.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the herein identified defects in the original proceedings.

**I.    BACKGROUND**

On February 2, 2021, Claimant applied for disability insurance benefits under Title II ("DIB"). (R. at 29, 66-67, 72-73,152-155.) Her application alleged disability beginning on June 1, 2019, due to arthritis and neuropathy in her legs and hands, low vision, and depression. (*Id.* at

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

29, 67, 73.) Claimant's application was denied initially and again on reconsideration. (*Id.* at 78-82, 89-93.)

At Claimant's request, Administrative Law Judge ("ALJ") Jeffrey L. Eastham ("the ALJ") conducted a hearing on Claimant's application on June 30, 2022. (*Id.* at 43-65, 94-95.) Claimant attended the hearing by telephone with her non-attorney representative.[2] (*Id.* at 45-46.) An impartial vocational expert also participated in the hearing. (*Id.* at 45.)

During the hearing, Claimant testified to the following. She wears a back brace for a hairline fracture in her spine from approximately two years ago; she can't lift anything greater than ten pounds without back pain. (*Id.* at 48-49.) She takes pain medicine for her back but has not been told she needs surgery. (*Id.* at 49.) She began using a cane approximately three years ago because she would get dizzy, lose her balance, and fall. (*Id.*) She also uses a walker "quite often" and began doing so about two years ago. (*Id.* at 49-50, 54.) She does not feel like she can walk for more than ten minutes before feeling like she has to sit down to avoid falling. (*Id.* at 50.) Claimant's right foot was fractured in a recent fall. (*Id.* at 55-56.) She has dizzy spells almost every day, including when she stands up too quickly. (*Id.* at 55.) She hasn't driven in two years due to her eyesight. (*Id.* at 51.) She does wear glasses but even with them she has trouble reading, writing, or watching television. (*Id.* at 52.) She had all her teeth pulled and is going to get false teeth. (*Id.* at 53.) She testified that she has issues with memory and concentration but that she does not know why. (*Id.* at 55.) She has diabetes, takes insulin shots, checks her blood sugar regularly, and "somewhat" follows a diabetic diet. (*Id.* at 55-56.) Her husband helps her get dressed. (*Id.* at 57.) She has a chair lift and ramp at home so she can avoid steps because she has a hard time with them. (*Id.*)

---

[2] The hearing was held telephonically due to the COVID-19 pandemic with Claimant's consent. (*Id.* at 29, 117-18, 133-35.)

2

The ALJ issued an unfavorable decision on August 10, 2022. (*Id.* at 26-42.) Applying the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled, the ALJ made the following findings. First, the Claimant had not engaged in substantial gainful activity between her June 1, 2019, alleged onset date and her date last insured. (*Id.* at 32.) Second, Claimant had the following severe impairments: mild lumbar compression fracture and insulin-dependent diabetes mellitus. (*Id.*) Third, Claimant did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*) Fourth, Claimant had the residual functional capacity ("RFC") to perform medium work with the following exceptions:

> [S]he can frequently reach, handle, finger, and feel. She cannot climb ramps, stairs, ladders, ropes, or scaffolds. She can frequently balance (as defined by the SCO) and stoop, occasionally crouch, and never kneel or crawl. She should avoid concentrated exposure to extreme temperatures and vibrations, and all exposure to unprotected heights, dangerous machinery, and the operation of a motorized vehicle as a work requirement. She can perform work requiring frequent near and far visual acuity, frequent peripheral vision, and frequent depth perception. She can perform simple, goal-oriented tasks with simple instructions, but no work that is a fast-paced production rate type.

(*Id.* at 33.) Additionally at step four, the ALJ found that Claimant was unable to perform any of her past relevant work as a cook. (*Id.* at 36.) Fifth, and finally, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. (*Id.*) The ALJ concluded that Claimant was not under a disability from June 1, 2019, through her December 31, 2019, date last insured. (*Id.* at 37.)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on June 22, 2023. (*Id.* at 14-20, 149-51, 271-75.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2024); *see*

*also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Claimant requested and was granted an extension of time to file a civil action through November 24, 2023. (R. at 1-13.) Accordingly, Claimant timely filed this action on November 16, 2023. (DN 1.)

## II.  DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a) (2024).

### A.  Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not

even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B.     Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2024). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[3] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

---

[3] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2024).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C.     Claimant's Contentions

Claimant argued the ALJ's RFC determination was not supported by substantial evidence because it was based on the ALJ's own lay opinion of raw medical data given that there was no opinion evidence in the record. (DN 10, at PageID # 1777-78; DN 11, at PageID # 1786-93; DN 14.) Both the applicable regulations and case law recognize that the ALJ has a duty to develop the record. 20 C.F.R. §§ 404.1512(b), 404.1545(a)(3) (2024); *see also Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). If after reviewing the evidence of record, the ALJ finds it to be insufficient or inconsistent, the ALJ may "determine the best way to resolve the inconsistency or insufficiency." 20 C.F.R. § 404.1520b(b)(2) (2024). An ALJ is not bound to resolve the inconsistency or insufficiency in a particular manner, but he may take additional steps to do so, including ordering a consultative examination. 20 C.F.R. § 404.1520b(b)(2)(iii); *see Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). While the ALJ has discretion in resolving discrepancies, substantial evidence in the record must support his or her RFC finding. *See, e.g.*, *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).)

In *Deskin v. Commissioner of Social Security*, the United States District Court for the Northern District of Ohio held that an ALJ may make a "commonsense judgment about functional

capacity even without a physician's assessment" but only when "the medical evidence shows relatively little physical impairment." *Id*. at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, when "making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Id.; see also Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11-12 (E.D. Ky. Feb. 6, 2019) (citing *McGranahan v. Colvin*, No. 0:14-CV-83-JMH, 2015 WL 5828098, at *3 (E.D. Ky. Oct. 1, 2015)). The court in *Deskin* articulated the following rule:

> [W]here the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.

*Deskin*, 605 F. Supp. 2d at 912.

Significant case law in the Sixth Circuit supports the principle that when the evidence of physical impairment is more than minimal, an independent determination of functional limitations by the ALJ is not supported by substantial evidence and a medical opinion is required. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828-29 (E.D. Mich. 2017) (collecting cases); *but see Reidenbach v. Comm'r of Soc. Sec.*, No. 5:21-cv-1880, 2022 WL 3043060, at *8 (N.D. Ohio Aug. 2, 2022) ("[T]he Sixth Circuit has not commented on Deskin or its progeny."). However, the "*Deskin* rule" narrowly applies in only two situations: "(1) where an ALJ made an RFC determination based on no medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum*, 2019 WL 475013, at *11 (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013)); *see*

*also Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

The *Deskin* rule applies here because the ALJ made an RFC determination based on no medical source opinion whatsoever. In his determination of the Claimant's RFC, the ALJ noted that the state agency medical consultants "did not find that the claimant had any severe impairments during the period in question." (R. at 35 (citing *id.* at 67-71, 73-77).) The ALJ disagreed finding that Claimant's diabetes and compression fracture met the threshold for a severe impairment. (*Id.* at 32, 35.) In particular, both state agency medical consultants did not assess Claimant's RFC, noting in their evaluations that there was "[i]nsufficient evidence to assess claim by DLI." (*Id.* at 68, 70, 74, 76.) Claimant was not sent for a consultative examination, and none of her providers offered opinions about her functional abilities. Given this total absence of opinion evidence, Claimant argued that the ALJ erred in forming an RFC "himself based on his lay interpretations of the raw clinical data and diagnoses." (DN 11, at PageID # 1789.)

The Commissioner argued in response that the ALJ's RFC findings did "not need to correspond to a particular physician's opinion" and that "the ALJ was not required to obtain a medical expert to interpret the medical evidence related to [plaintiff's] impairments." (DN 13, at PageID # 1804 (quoting *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019), and *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727 (6th Cir. 2013)).) But the cases relied on by the Commissioner are distinguishable from the case at bar as they address instances where the ALJ reviewed but rejected some opinion evidence in the record in forming his or her RFC rather than the absence of medical opinion evidence altogether. *See Tucker*, 775 F. App'x at 226 (addressing weight ALJ gave to consultative examiner's opinion); *Rudd*, 531 F. App'x at 728 (rejecting argument that ALJ's RFC determination was infirm because "no physician opined that

8

Rudd was able to perform the standing and walking requirements of light work" but there were multiple opinions in the record). Thus, the Court finds these authorities non-dispositive of the current case. The Commissioner is correct that it is ultimately the province of the ALJ to determine a Claimant's RFC, and an ALJ's RFC does not need to correspond to a particular opinion. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016). However, consistent with *Deskin*, the ALJ erred here by forming an RFC without obtaining *any* medical opinion evidence for his consideration. The ALJ found Claimant to have severe impairments that limited her ability to perform basic work activities including her diabetes and mild lumbar compression fracture. (R. at 32.) Given these impairments, the ALJ should have further developed the record by "recontact[ing] the treating source, order[ing] a consultative examination, [ ] hav[ing] a medical expert testify at the hearing," or by some other appropriate method before formulating an RFC. *Deskin*, 605 F. Supp. 2d at 912.

For these reasons, the ALJ's RFC determination is not supported by substantial evidence in the record, and this Court will reverse and remand this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

### III. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the final decision of the Commissioner is **REVERSED** and that this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the above-identified defects in the original proceedings.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record

February 28, 2025